IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC A. E.,[1]

     Plaintiff,

v.                                    No. 1:25-cv-01151-KWR-LF

 FRANK BISIGNANO,
Commissioner of Social Security,

     Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its June 24, 2026, order to show cause.  *See* Doc. 17.  On December 31, 2025, United States District Judge Kea Riggs referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  Doc. 10. at 1.  Having reviewed the record, I recommend that the Court dismiss Plaintiff's complaint with prejudice.

## BACKGROUND

Plaintiff filed his complaint on November 18, 2025.  Doc. 1.  On November 19, 2025, the Clerk of the Court notified the parties that the Supplemental Rules for Social Security cases filed under 42 U.S.C. § 405(g) require Plaintiff to file his opening brief no later than thirty days after the Commissioner has filed the administrative record.  Doc. 6.  The Commissioner filed the administrative record on February 20, 2026, Doc. 14, and the record was delivered to Plaintiff on February 26, 2026, Doc. 16.  To date, Plaintiff has not filed his brief.

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party in this case.

On June 24, 2026, the Court issued an order to show cause requiring Plaintiff to, no later than July 8, 2026, either file his opening brief or show cause in writing as to why his case should not be dismissed for failure to prosecute.  Doc. 17 at 1.  Plaintiff was advised that his "failure to timely file either the motion or written explanation may result in a recommendation that his case should be dismissed for failure to prosecute." *Id.*  The July 8, 2026, deadline has passed, and to date Plaintiff has filed neither his brief nor a written explanation as to why his case should not be dismissed for failure to prosecute.

### ANALYSIS

The Court may dismiss an action *sua sponte* if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  FED. R. CIV. P. 41(b); *see also Olson v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").  Further, the "authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

While "[d]ismissal for failure to prosecute should be imposed only after careful exercise of judicial discretion . . . . dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *Id.*  However, because dismissal with prejudice is an "extreme sanction appropriate only in cases of willful misconduct," the court must consider: (1) "the degree of actual prejudice" to defendants; (2) "the amount of interference

2

with the judicial process;" (3) Plaintiff's "culpability;" (4) "whether the court warned [Plaintiff] in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) whether "lesser sanctions" would be more effective. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (quotations omitted); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (holding that when a court dismisses a complaint with prejudice under Rule 41(b), it should consider the "*Ehrenhaus* criteria") (quoting *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1997))).

Here, the factors weigh in favor of dismissal with prejudice. Plaintiff first failed to file his opening brief by the deadline set by the rules of procedure, and Plaintiff then failed to respond to the Court's June 24, 2026, order to show cause. *See* Docs. 6, 17. As to the first factor, Plaintiff's failure to participate has not caused a high degree of prejudice to Defendant. Defendant filed the administrative record (Doc. 14) but has not yet invested large amounts of time and effort in this case. The second factor weighs heavily in support of dismissal: Plaintiff's lack of participation interferes greatly with the judicial process. The case has been stymied for months by Plaintiff's failure to file an opening brief, and the case cannot move forward without his participation. As to the third factor, Plaintiff is culpable for disregarding the deadline to file his opening brief and the Court's order to show cause. There is no indication that Plaintiff did not receive notice of the deadlines or the Court's order to show cause, and he has provided no explanation as to why he has refused to abide by them. As to the fourth factor, the Court's order to show cause warned Plaintiff that his failure to respond could result in a recommendation that his case be dismissed for failure to prosecute. Doc. 17 at 1. As to the fifth factor, the Court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the Court, the history

3

of this case, and Plaintiff's lack of response to the Court's order to show cause, the Court concludes that no remedy short of dismissal would be effective.

## CONCLUSION

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that Plaintiff's complaint be dismissed with prejudice.  However, if Plaintiff files an opening brief within fourteen (14) days of entry of this Proposed Findings and Recommended Disposition, I will withdraw this recommendation.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id.*  In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge

4